UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-20338-MC-ROSENBAUM

DARRELL SAIN and EVELYN
TELLEZ-SAIN,

       Appellants,

v.

ISLES AT BAYSHORE MASTER
ASSOCIATION, INC., *et al.* ,

       Appellees.
_____/

## OPINION AND ORDER

This is an appeal by Appellant-Debtors Darrell Sain and Evelyn Sain of the Order Sustaining in Part Limited Objection to Debtor's Motion to Value [BKC ECF No. 137],[1] entered on October 29, 2013, and the Order Denying Debtors' Motion for Rehearing of Order Sustaining in Part Limited Objection to Debtor's Motion to Value [BKC ECF No. 146], entered on December 10, 2013, in the United States Bankruptcy Court for the Southern District of Florida ("Bankruptcy Court"). In this matter, the Sains have requested the Court's leave to appeal the underlying Orders. The Court has carefully considered the Motion for Leave to Appeal [ECF No. 1], and for the reasons set forth below, the Court declines review of the appeal.

---

[1] Unless otherwise noted, the facts are derived from various documents filed in this docket and the underlying bankruptcy docket. These facts, which appear to be undisputed, are provided for background purposes only and do not constitute findings of fact by the Court. For purposes of clarity, documents filed in this docket, 14-20338-RSR, will be cited as "ECF No. ___" and documents filed in the underlying bankruptcy docket, 13-13325-LMI, will be cited as "BKC ECF No. ___."

### *I. Background*

In the underlying bankruptcy action, the Sains filed three Motions to Value in order to determine the value of the Debtors' homestead property and to ascertain the secured status of Appellees Bayshore Master Association, Inc., Isles at Bayshore Club, LLC, and Shore Community Association, Inc., (collectively, "the Associations") with respect to their respective condominium association liens. BKC ECF Nos. 28, 30, 32. The Sains' property is encumbered by first and second mortgages, as well as by recorded claims of lien filed by each of the Associations. BKC ECF No. 137 at 2. In the Motions to Value, the Debtors maintained that the association liens could be stripped off because the amount secured by the mortgage liens exceeds the value of the property. The Associations filed a Limited Objection in response to the Sains' Motion, asserting that despite any potential lien-stripping, they retain their right to collect past-due assessments and may pursue those payments from subsequent purchasers, regardless of how title is obtained. *See* BKC ECF No. 136.

Without determining the priority of the various liens, the Bankruptcy Court concluded that any lien strip off would have no impact on subsequent purchasers or on a mortgagee. BKC ECF No. 137 at 4. In this regard, the Bankruptcy Court noted that Florida law is clear that subsequent purchasers are liable for a prior owner's unpaid assessments, and a condominium association retains the right to secure that liability through a lien on the subsequent owner's interest in the property. *Id.* Following an evidentiary hearing, the Sains filed a Motion for Rehearing [BKC ECF No. 140], which the Bankruptcy Court subsequently denied [BKC ECF No. 146]. The Sains now seek leave to appeal both Orders.

## *II. Jurisdiction*

Federal courts are courts of limited jurisdiction. *Federated Mut. Ins. Co. v. McKinnon Motors*, *LLC*, 329 F.3d 805, 807 (11th Cir. 2003). With regard to appeals from bankruptcy courts, district courts enjoy jurisdiction over only three types of orders: (1) final orders, as described in 28 U.S.C. § 158(a)(1); (2) interlocutory appeals issued under 11 U.S.C. § 1121(d), as described in 28 U.S.C. § 158(a)(2); and (3) with leave of the court, other interlocutory orders, as described in 28 U.S.C. § 158(a)(3) and Rule 8001(b), Fed. R. Bankr. P. *Tobkin v. Calderin*, No. 12-22692-MC, 2012 WL 3609867, at *1 (S.D. Fla. Aug. 22, 2012).

## *III. Discussion*

The Court declines to exercise jurisdiction over the underlying Orders for two reasons: (1) they are not final orders granting the Sains an appeal as a matter of right, and (2) the Sains have not met their burden of establishing that interlocutory appeal of the Orders is proper.

### *A. The Bankruptcy Court's Orders are Not Final Judgments*

A final determination is "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Babic v. Ford Motor Credit Corp. (In re Ashoka Enters., Inc.)*, 156 B.R. 343, 345 (S.D. Fla. 1993) (quoting *Charter Co. v. Prudential Ins. Co. of Am. (In re Charter Co.)*, 778 F.2d 617, 621 (11th Cir. 1985)) (internal quotation marks omitted). The interpretation of finality is more flexible in the bankruptcy context, however, because bankruptcy is an aggregation of controversies and suits. *Barben v. Donovan (In re Donovan)*, 532 F.3d 1134, 1136 (11th Cir. 2011) (citing *Jove Eng'g v. IRS*, 92 F.3d 1539, 1547 (11th Cir. 1996)). Instead, "[i]t is generally the particular adversary proceeding or controversy that must have been finally resolved rather than the entire bankruptcy litigation." *Id.* (quoting *Commodore Holdings, Inc. v. Exxon Mobil*

*Corp.*, 331 F.3d 1257, 1259 (11th Cir. 2003)) (internal quotation marks omitted) (alternation in original); *see also In re Ashoka Enters., Inc.*, 156 B.R. at 345 ("In bankruptcy proceedings . . . it is generally only the particular controversy which must have been resolved for the order to be considered 'final.'").  Nonetheless, to be final, a bankruptcy court order must "completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief." *Id.* (quoting *Guy v. Dzikowski (In re Atlas)*, 210 F.3d 1305, 1308 (11th Cir. 2000)) (internal quotation marks omitted).

Here, no indication exists that the Orders are final.  They did not resolve all of the issues in the underlying proceeding, nor did they terminate the litigation on the merits.  And, significantly, the Bankruptcy Court determined none of the parties' rights, as the Bankruptcy Court expressly reserved ruling on the priority of the creditors' respective liens.  Rather, the Bankruptcy Court merely explained the Florida statutes governing condominium assessments and association lien rights.  Such an order cannot be considered final for purposes of appeal.  *See In re Ashoka Enters., Inc.*, 156 B.R. at 345 ("[F]or an order to be final, the bankruptcy court must have resolved the litigation, decided the merits, determined the rights of the parties, settled liability, or established damages." (citation omitted)).  Moreover, the Debtors admit that "the Order entered by the Bankruptcy Court may not be a Final Order pursuant to the Bankruptcy Rules."  ECF No. 1 at 1.  For these reasons, the underlying Orders are not final and may not be appealed as of right.

Even if an order would normally be considered interlocutory, the Court can still treat an order as final if (1) the order is independent from the substance of the other claims in the action, (2) prompt review is necessary to protect important interests of any party; and (3) the reviewing court examines the first two requirements in light of practical, as opposed to technical, considerations.

*Wisz v. Moister (In re Wisz)*, 778 F.2d 762, 764 (11th Cir. 1985) (citing *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949)).  This is referred to as the collateral-order doctrine, which the Eleventh Circuit has held applies to review of bankruptcy court orders.  *Growth Realty Cos. v. Regency Woods Apartments (In re Regency Woods Apartments, Ltd.)*, 686 F.2d 899, 902 (11th Cir. 1989); *In re Charter Co.*, 778 F.2d at 622.

The Court finds that the Bankruptcy Court's Orders do not meet this exception to the final judgment rule.  At best, the underlying Orders arguably resolved an issue independent of the merits of the proceeding since they involved a determination of whether the Associations may retain their right to past-due assessment payments following the strip off of their liens and the Debtors' discharge.  Nonetheless, prompt review is not necessary because the Orders are not "effectively unreviewable" on appeal from final judgment.  *Will v. Hallock*, 546 U.S. 345, 349 (2006) (citation omitted).  In particular, the Bankruptcy Court determined an issue relevant to the parties' prospective rights only, unrelated to the resolution of the underlying proceeding.  Immediate review is unnecessary because the issues raised on appeal will not be implicated until after the conclusion of the bankruptcy litigation, at which point, the parties may seek appropriate review.  The Court is therefore unpersuaded that any justification exists to overcome the general rule that a "party is entitled to a single appeal, to be deferred until final judgment has been entered."  *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009).  As a result, the underlying Orders do not fall within the confines of the collateral-order doctrine warranting prompt review.

### B. The Court Exercises Its Discretion to Deny An Interlocutory Appeal

Because the Bankruptcy Court's Orders are not final orders entitling the Debtors to review as a matter of right, they constitute interlocutory orders, which can be appealed only upon leave of

this Court. *See* 28 U.S.C. § 158(a)(2),(3). District courts are authorized to grant leave to hear appeals of interlocutory orders entered by a bankruptcy court pursuant to 28 U.S.C. §158(a)(2) and (3). Because the statute does not provide criteria for determining when a district court should exercise its discretionary authority to grant leave to appeal, the Eleventh Circuit considers the factors set forth at 28 U.S.C. § 1292(b), which governs discretionary interlocutory appeals from the district courts to the courts of appeals. *In re Charter Co.*, 778 F.2d at 620 n.5.

Under 28 U.S.C. § 1292(b), to be granted an interlocutory appeal, a party must demonstrate that (1) the order to be appealed presents a controlling question of law (2) there is a substantial ground for difference of opinion, and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation. *See McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1257-58 (11th Cir. 2004). Courts generally allow these appeals sparingly since interlocutory bankruptcy appeals should be the exception, not the rule. *In re Hinners*, No. 12-80924-MC, 2012 WL 4049967, at *1 (S.D. Fla. Sept. 13, 2012) (citing *U.S. Trustee v. PHM Credit Corp.*, 99 B.R. 762, 767 (E.D. Mich. 1989)). Ultimately, the burden falls on the moving party to persuade the Court that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978). If the party moving for leave to appeal fails to establish any of the three elements under § 1292(b), then leave must be denied. *Freeman v. Freeman* (*In re Pac. Forest Products Corp.)*, 335 B.R. 910, 919 (S.D. Fla. 2005).

While this Court may exercise its discretion to hear an interlocutory appeal, the appellant bears the burden of persuading the Court that an interlocutory appeal is warranted under the circumstances. In their Motion, the Sains state simply that "an appeal should be granted . . . because

this issue is one that needs to be decided, as both debtors, their attorneys, condominium associations, and their counsel, would be confused as to the availability of § 506 to strip off condominium liens." ECF No. 1 at 2.  Although the parties' interpretation of the Florida condominium statute may differ, this fact alone does not create the exigency required to entertain immediate resolution of the appeal.  As noted above, the legal question raised by this appeal concerns the parties' rights following the Debtors' discharge, thus, nothing about the issue appears to require adjudication out of due course.  Interlocutory appeals should be granted infrequently and only under extraordinary circumstances.  That the parties may be confused as to the existence of the Associations' future lien rights does not provide sufficient justification to hear the appeal out of turn.  The parties are able to adequately raise the issue upon termination of the underlying litigation.  In brief, aside from their one-sentence explanation, the Sains have made no showing that any the § 1292(b) elements have been met or that exigent circumstances exist warranting review of the question presented.  In view of the fact that interlocutory appeals are generally disfavored and should rarely be granted, the Court declines to grant leave to appeal.

### *IV. Conclusion*

For the foregoing reasons, the Debtors' Motion for Leave to Appeal [ECF No. 1] is **DENIED.**  The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** at the Fort Lauderdale, Florida, this 31st day of January 2014.

_____
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

copies:

Counsel of Record